PETER GRIMBILAS, PLAINTIFF-RESPONDENT, v. LYDIA
N. STELLING ET AL., DEFENDANTS; LINFAIR, INC.,
DEFENDANT-APPELLANT.

Decided September 28, 1940.

Before PARKER, J., sitting at chambers.

For the appellant, *Archibald F. Slingerland.*

For the respondent, *B. Bayard Strell.*

PARKER, J.    The record in this case is not before me,
and such statements of fact as are contained herein are
necessarily based on the statements or briefs of counsel.

The substantial question to be decided is, what does the
law require or permit with respect to the amount of an
appeal bond in a replevin case where the plaintiff did not
take possession of the goods at the beginning of the suit or
at any time thereafter, but recovered a judgment that he was
entitled to the goods, and the defendant has appealed
therefrom?

The property itself consists of a lot of machinery, mostly
old, used in the manufacturing of candy, as I understand
the matter, and located on the premises of the defendant in
one of the Oranges.   I am informed by counsel that at the
beginning of the suit, an affidavit fixing the value at $1,483
was filed as a preliminary to the proposed taking of the goods
by the plaintiff.   Whether a replevin bond was given at that
time does not appear, and does not seem material.   As a
matter of fact, the plaintiff never took possession of the goods
under the writ of replevin, but they remained in the posses-

sion of the defendant during the suit; later on, I am informed, the plaintiff became bankrupt and, consequently, the present claimant to the goods is the trustee in bankruptcy.

There was a trial in the Essex Circuit Court and verdict and judgment went for the plaintiff. Then the defendant took an appeal to this court; and the question was, what the amount of the bond or cash deposit on appeal ought to be. This question came up before Judge William A. Smith, who did not try the case, and who, after hearing the parties, fixed the amount of the bond at $250. The plaintiff was not satisfied with that amount, claiming that it ought to be substantially for double the value of the goods; and during the vacation season, in the week of August 19th to 24th, made an application to Mr. Justice Case for a rule enlarging the amount of the bond. Mr. Justice Case denied the motion (15 *Atl. Rep.* (2d) 57) and afterwards, under date of September 3d, reconsidered the matter to a certain extent and held that while he was not at all clear that the law required in replevin cases an appeal bond, the amount of which should be based on the value of the goods, he would so assume for present purposes, but that there was no such proof of value as to enable him to fix the amount of the bond; so for a second time the motion was denied.

The matter was brought before me on September 14th and counsel were told that they might take depositions as to the value of the goods at the time of the appeal. This they have done, and the depositions are extremely contradictory, so that it is a matter of difficulty to fix any definite amount as to the actual value of the goods.

There is now either a bond for $250 or, if I recollect rightly, a deposit in cash of that amount was made in lieu of the bond.

There is nothing in the Replevin act and, with the exception presently to be noted, nothing in the statutes relating to appeals at common law which deals particularly with a judgment in replevin. *R. S.* 2:27-369 refers to a recognizance "in double the *sum* adjudged to be recovered by such judgment * * *, and also to pay and satisfy, if such judgment be affirmed, all the debt or debts, damages and costs, adjudged on the former judgment," &c.

*R. S.* 2:27-370 further provides as to the security, that in lieu of the recognizance in error, the trial court may permit a cash deposit to remain in court until the determination of the appeal.

However, in *R. S.* 2:27-371 we have a statutory provision that "The court of errors and appeals or the supreme court, or a justice of the supreme court, may, upon good cause and reasonable notice given, require in any case, in addition to the recognizance mentioned in section 2:27-369 of this title, such further security by recognizance to be given by appellant as may seem proper, which shall be taken in the manner prescribed for the giving and filing of the original recognizance."

This section does not seem to contemplate a cash deposit in lieu of a recognizance.

Were it not for the last quoted statute, *R. S.* 2:27-371, I should feel obliged to say that there is no provision in the law requiring on appeal of a replevin case any security based on the value of the goods, and consequently that the security would only go to the costs of suit and interest thereon. But in view of the last quoted section, I rather incline to think that the Supreme Court, to which the appeal has been taken, is empowered as a matter of discretion to fix the amount of a recognizance to be given on that basis, and shall now proceed to do so.

As has already been said, the depositions are very contradictory, and the settling of the amount of the recognizance is to some extent a matter of guess work, but the best judgment that I can give to the matter is that there should be a recognizance in the amount of $500 in addition to the cash deposit already made; and such will be the order. No costs will be allowed.